**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| KENDRA BROWN, *individually and as personal representative of the estate of Minor Jalen Carter*, Plaintiff, | No. 2:18-cv-2948-DCN-TER |
| vs. | **ORDER** |
| CITY OF NORTH CHARLESTON and WAYNE PAVLISCHEK, Defendants. | |

This matter is before the court on plaintiff Kendra Brown's ("Brown") motion to alter or amend judgment, ECF No. 63. For the reasons set forth below, the court grants the motion, vacates its judgment in part, and remands Brown's remaining claims to the Charleston County Court of Common Pleas.

## I. BACKGROUND

The facts of this case have been previously recounted by this court and are ably recited by the Magistrate Judge's Report and Recommendation ("R&R"), ECF No. 59, such that detailed recitation of them here would be superfluous. Instead, the court briefly summarizes the material procedural history. Brown filed this action against the City of North Charleston ("NCHS") and Wayne Pavlischek ("Pavlischek") (collectively, "defendants") in the Charleston County Court of Common Pleas on October 4, 2018. ECF No. 1-1. NCHS removed the case to this court on October 31, 2018. ECF No. 1. After the parties consented to partial dismissal, the remaining causes of action before the court were as follows: (1) a claim against Pavlischek under 42 U.S.C.§ 1983 for the use

of excessive force in violation of Brown's constitutional rights, and (2) claims against NCHS for wrongful death, negligence, and gross negligence under the South Carolina Tort Claims Act ("SCTCA"). ECF No. 1-1 at 6–9. Critical to the resolution of the instant motion, Brown's claim against Pavlischek is rooted in federal law, while his claims against NCHS are purely state tort claims.

In October of 2019, NCHS and Pavlischek each filed motions for summary judgment with respect to the claims asserted against them. ECF Nos. 45 and 47, respectively. On June 15, 2020, Magistrate Judge Thomas E. Rogers filed the R&R, recommending that the court grant Pavlischek's motion for summary judgment with respect to Brown's federal claim, decline to assert jurisdiction over Brown's state law claims against NCHS, and remand those state law claims to state court. ECF No. 59. On July 29, 2020, the court filed an order adopting in part and rejecting in part the R&R (the "Summary Judgment Order"). ECF No. 61. Specifically, the court adopted the R&R with respect to Brown's federal claim, granting summary judgment in favor of Pavlischek, and rejected the R&R's recommendation that the court decline to assert jurisdiction over Brown's state law claims. Accordingly, the court asserted jurisdiction over those claims, considered the substance of those claims, and granted NCHS's motion for summary judgment with respect to the same, closing the action. On August 26, 2020, Brown filed the instant motion to alter or amend judgment. ECF No. 63. On August 31, 2020, NCHS responded, ECF No. 64, to which Brown replied on September 8, 2020, ECF No. 65. As such, the matter has been fully briefed and is now ripe for the court's review.

## II. STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment. The rule provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The Fourth Circuit recognizes "only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)). "A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted." Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007).

## III. DISCUSSION

As mentioned above, the court adopted the R&R's recommendation to grant summary judgment in favor of Pavlischek with respect to Brown's federal claim. Brown did not object to that recommendation, nor does he argue for reconsideration of the court's consequent holding in the Summary Judgment Order. As such, this order does not consider or affect the court's judgment with respect to Brown's federal claim against Pavlischek under § 1983. The court's judgment in favor of Pavlischek retains full force and effect.

Brown's motion does, however, compel the court to revisit the Summary Judgment Order's other holdings. In its Summary Judgment Order, the court asserted supplemental jurisdiction over Brown's state claims against NCHS and, considering those claims substantively, held that NCHS was entitled to immunity from those claims. As such, the court granted summary judgment in favor of NCHS. Brown's motion to reconsider brings to light two truths that compel the court to reverse course with respect to those holdings. First, Brown's substantive argument with respect to Pavlischek's alleged immunity reveals that issue to be closer than the court previously gauged, meaning that the state law claims do not involve a straightforward application of South Carolina law as the court previously concluded. The issue of NCHS's immunity, the court now finds, implicates vital issues of South Carolina policy with the potential to impact the most essential rights of South Carolinians. As such, the court agrees with Brown that the issue should be considered and resolved by South Carolina state courts, not the federal court. Secondly, as a result, the court now finds that the relevant factors weigh against retaining jurisdiction over Brown's state law claims after dismissing the federal claim.

As the court noted in the Summary Judgment Order, 28 U.S.C. § 1367(c)(3) affords a federal court the discretion to retain supplemental jurisdiction over state law claims even where the court has disposed of all claims with original federal jurisdiction. The Supreme Court has outlined four factors to guide the exercise of that discretion: judicial economy, convenience, fairness, and comity. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). In addition to the traditional Cohill factors, district courts in this circuit have also considered "(1) whether the claim involves straightforward

application of well-defined case law, Caughman v. S.C. Dep't of Motor Vehicles, 2010 WL 348375, at *2 (D.S.C. Jan. 26, 2010); (2) whether the parties have completed discovery, id.; (3) the length of time the case has been pending in federal court, Varner v. SERCO, Inc., 2018 WL 1305426, at *4 (D.S.C. Mar. 12, 2018); and (4) whether the complaint was filed in federal court, id.

In the Summary Judgment Order, the court noted that "[a]lthough comity favors remanding the case to state court, the factors of judicial economy, convenience and fairness weigh in favor of the court exercising supplemental jurisdiction" over the state law claims. ECF No. 61 at 6. Brown argues that the court erred in weighing the factors outlined above. The court now agrees. First, the court understands that convenience favors neither outcome because the federal and state forums are equally convenient to each party. Second, the court did not consider the fact that the action was initially filed in state court and removed to this court by the defendants. Third, while the court was correct in noting that the action has been pending since October 2018, Brown explained in her motion to amend or alter judgment that the parties are not at fault for the delay in the court's resolution of the case. Indeed, the parties complied with the scheduling order and submitted all summary judgment papers with the court in October of 2019 but "awaited the filing of the R&R until June 15, 2020." ECF No. 63 at 4–5. Finally, as discussed in greater detail below, that court now sees that the principle of comity looms so large in favor of remand that it nearly eclipses other considerations. Therefore, while the court still believes its retention of the state law claims would serve judicial economy, the other factors compel remand.

In the Summary Judgment Order, an court found that NCHS is immune from Brown's tort claims based on the exception to South Carolina's waiver of immunity found in S.C. Code Ann. § 15-78-60(6), which provides that a "governmental entity is not liable for a loss resulting from . . . civil disobedience, riot, insurrection, or rebellion or the failure to provide [or][1] the method of providing police or fire protection." ECF No. 61 at 9–12. In so holding, the court relied on the South Carolina Court of Appeals' decision in Huggins v. Metts, 640 S.E.2d 465 (S.C. Ct. App. 2006). There, the police responded to a call about a man who was threating to burn down homes and commit suicide. When the man, armed with butcher knives, continued towards police officers despite commands to stop, officers shot and killed him. The Court of Appeals found that § 15-78-60(6) applied because the action "concern[ed] the manner in which the police chose to provide police protection." Id. at 467. This court determined that "the facts before [it] are analogous to Huggins." ECF No. 61 at 10.

As Brown now points out, the police in Huggins were responding to a specific call regarding a specific emergency, from which the police sought to protect those involved. In this case, in contrast, in the light most favorable to Brown, the apartment complex requested general police presence over an extended period of time to deter nonspecific criminal conduct. No case in South Carolina has determined whether a generalized request for police presence triggers § 15-78-60(6). Indeed, as Brown points out, the extension of § 15–78–60(6) to generalized requests for police presence could have implications the South Carolina legislature did not intend: "Should it stand, the

[1] The South Carolina Court of Appeals has held that "the subsequent omission of the word 'or' in section 15–78–60(6) is apparently a scrivener's error." Wells v. City of Lynchburg, 501 S.E.2d 746, 750 (S.C Ct. App. 1998).

Court's Order [could have] a chilling interpretation: a police department in South Carolina would be immune [from tort claims] every time an officer is attempting to provide protection." ECF No. 63 at 8. The court agrees that a holding with such an impactful potential interpretation of a South Carolina statute is better left to the state courts. Moreover, as Brown notes in her motion, the state-law tort action "is between a South Carolina resident [and] a South Carolina department governed by purely South Carolina law under the SCTCA, which has a lengthy South Carolina appellate court record due to its nuances and complexity." Id. at 5. The principle of comity, therefore, demands state court resolution of these claims. As such, the court erred in retaining supplemental jurisdiction over Brown's claims against NCHS for negligence and gross negligence, including her claim for negligent training and supervision.

Because the court agrees with Brown that state court is the superior forum to resolve Brown's state law claims, it grants the motion without reaching the substance of those claims. Accordingly, the court vacates its judgement in favor of NCHS on Brown's cause of action for "wrongful death, negligence and gross negligence", ECF No. 1-1 at 6, and remands those claims to the Charleston County Court of Common Pleas for further adjudication.

## IV. CONCLUSION

For the foregoing reasons the court **GRANTS** the motion to alter or amend judgment, **VACATES** its judgment in part, and **REMANDS** the remaining claims to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 29, 2020**
**Charleston, South Carolina**